# No. 05-41593

## In the United States Court of Appeals
## for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TIMOTHY RINEHART,

*Defendant-Appellant*

CRIMINAL NO. 6:04CR82
APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**BRIEF OF APPELLANT**

WAYNE R. DICKEY
Assistant Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
Texas Bar No. 05832020
*Attorney for Appellant*

AMY R. BLALOCK
Research & Writing Specialist
Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
Texas Bar No. 02438900

# CERTIFICATE OF INTERESTED PERSONS

### United States v. Timothy Rinehart
### No. 05-41593

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1.    **Timothy Rinehart**, Defendant-Appellant;

2.    **Alan Jackson**, Assistant United States Attorney, who represented appellee in the District Court;

3.    **Wayne R. Dickey**, Assistant Federal Public Defender, who represented appellant in the District Court; and who represents appellant in this Court.

This certificate is presented so that the judges of this Court may evaluate possible disqualification or recusal.

_____
**WAYNE R. DICKEY**
*Attorney for Appellant*

i

# REQUEST FOR ORAL ARGUMENT

Counsel for Appellant in the above-styled and numbered cause does not request oral argument.  In the event that oral argument is granted, Appellant is prepared to attend at the Court's pleasure.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . .  i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    Course of Proceedings and Disposition in the Court Below  . . . . . . . . . . .  3
    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

SUMMARY OF THE ARGUMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
    Ground of Error #1  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
    Ground of Error #2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
    Ground of Error #1  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
    Ground of Error #2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# TABLE OF AUTHORITIES

# SUBJECT MATTER AND APPELLATE JURISDICTION

1.     **Subject Matter Jurisdiction in the District Court.**  This case arose from the prosecution of alleged offenses against the laws of the United States.  The District Court therefore had jurisdiction of this case under 18 U.S.C. § 3231.

2.     **Jurisdiction in the Court of Appeals.**  This is a direct appeal from a final decision of the United States District Court for the Eastern District of Texas, entering judgment of conviction and sentence in a criminal case.  This Court therefore has jurisdiction of this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant shall file notice of appeal in the District Court "within 10 days after the entry of (I) the judgment or order appealed from or (ii) a notice of appeal by the Government." Notice of Appeal by Appellant was timely filed on August 24, 2005.

1

# STATEMENT OF ISSUES

## GROUND OF ERROR #1

THE DISTRICT COURT ERRED BY DEPARTING UPWARD FROM THE SENTENCING GUIDELINES. THE DEPARTURE WAS NOT SUPPORTED BY THE RECORD OR ANY FINDINGS BY THE COURT.


## GROUND OF ERROR #2

MR. RINEHART'S SENTENCE MUST BE VACATED BECAUSE THE DISTRICT COURT DID NOT PROVIDE NOTICE OF ITS INTENT TO IMPOSE A SENTENCE ABOVE THE ADVISORY GUIDELINE RANGE.

# STATEMENT OF THE CASE

### 1.    Nature of the Case.

This is an appeal from a final criminal conviction

### 2.    Course of Proceedings and Disposition in the Court Below.

On October 5, 2005, Joseph Rinehart was charged in a three-count Indictment (1R. 7-12)[1].  Mr. Rinehart was charged with three counts of  Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and 2252A(b)(2). These offenses allegedly occurred on December 3, 2002, and twice on January 30, 2004. On April 15, 2005,   Mr. Rinehart  pled guilty to Count One of the Indictment pursuant to a written plea agreement in accordance with Fed.R.Crim.P. 11(c)(1)(C). On August 15, 2005, the District Court sentenced Mr. Rinehart to 60  months imprisonment,  to be followed by three years supervised release.    A mandatory assessment of $100.00 was imposed. The Notice of Appeal was then timely filed.

### 3.    Statement of Facts.

On or about December 3, 2002, Mr. Rinehart possessed child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and 2252A(b)(2).  That conduct resulted in the charges to which Mr. Rinehart pleaded guilty (2R. 2).

---

[1]In the references to the Record on Appeal, the numeral to the left of "R." refers to a volume of the record on appeal as assigned by the Clerk of this Court.  Numbers to the right of "R." denote the page(s) of the volume referenced.

The Presentence Investigation Report (PSR) initially established a base offense level of 15 for Count One.[2]  The PSR assigned Mr. Rinehart a two -level upward adjustment pursuant to U.S.S.G. § 2G2.4(b)(1) because the images possessed by Mr. Rinehart depict minors under the age of twelve. The PSR assigned Mr. Rinehart a two -level upward adjustment pursuant to U.S.S.G. § 2G2.4(b)(2) because Mr. Rinehart possessed ten or more items containing a visual depiction involving the sexual exploitation of a minor.  The PSR applied a two-level upward adjustment, pursuant to U.S.S.G. § 2G2.4(b)(3) because he used a computer to receive the material.  Mr. Rinehart was assigned a three-level downward adjustment, pursuant to U.S.S.G. § 3E1.1(a) and (b) because he timely accepted responsibility.

Mr. Rinehart's total offense level was 18 and his criminal history category was IV.  This made his range of punishment 41 to 51 months.  The plea agreement, entered into pursuant to Fed.R.Crim.P. 11(c)(1)(C), stipulated that the parties agreed to these enhancements and this range of punishment. There was no argument or suggestion by either the PSR officer or the Government that Mr. Rinehart should be sentenced outside the range of the sentencing guidelines. The District Court, however,   sentenced Mr. Rinehart to 60 months.

---

[2]"PSR" refers to the Presentence Investigation Report filed by the United States Probation Department (under seal).  In the citations to the PSR, the numeral(s) to the left of "PSR" refer to page numbers and the numeral(s) to the right of "PSR" refer to paragraph numbers.

# SUMMARY OF THE ARGUMENTS

## Ground of Error #1

The District Court erred in departing upward, without advance notice, from the Sentencing Guidelines. Mr. Rinehart's offense conduct was accurately reflected in the PSR's calculations. It should be noted that the PSR officer did not recommend an upward departure, and the Government never argued for an upward departure.

The District Court remarked that it was upwardly departing because of Mr. Rinehart's criminal history and the corresponding need for public safety. No other justification was provided. Mr. Rinehart's criminal history, however, was fully taken into account by his criminal history category of IV. In fact, Mr. Rinehart contends that his criminal history category overstated his criminal history. When Mr. Rinehart was twelve years old, he committed a sexual offense against his younger sister. The state of Iowa did not adjudicate his offense until he was seventeen years and legally considered an adult. In fact, Mr. Rinehart did not receive points for this offense because he had been released from custody for more than five years prior to the commencement of the instant offense.

Because the state of Iowa waited until he was an adult to adjudicate the offense committed when he was twelve years old, Mr. Rinehart was required to register as a sex offender for the rest of his life. Mr. Rinehart's eight criminal history

points are all related to the offense of non-reporting.  Mr. Rinehart did not commit additional sexual or otherwise violent crimes.  He failed to register as a sexual offender. The criminal history category of IV fully and completely punishes Mr. Rinehart for his failure to register or report as a sex offender.  These non-reporting crimes have not been shown to be  an egregious factor that would justify an upward departure.  Therefore,  Mr. Rinehart's conduct  was not so egregious  as to justify taking the case out of the "heartland" of the sentencing guidelines.

The upward departure in this case  was not reasonable. The District Court imposed a sentence of 60  months, without indicating any particular methodology regarding this sentence or how it arrived at this sentence vis-a-vis the sentencing guidelines.  The upward departure was not warranted and it was not reasonable.

**Ground of Error #2**

In Burns v. United States, 501 U.S. 129 (1991), the Supreme Court recognized that modern federal sentencing requires procedures that promote "focused, adversarial resolution of the legal and factual issues." It is, therefore, essential that all the parties involved at sentencing - the defendant, the Government, and the District Court - know prior to sentence what issues need to be addressed. The Supreme Court recognized, and the Rules of Criminal Procedure later codified, that this was best achieved through notice to the parties by the District Court when it intended to impose an

above the Guidelines sentence. The need for that notice is even more critical in a post-<u>Booker</u> advisory Guideline scheme. The District Court in this case did not provide notice of its intent to impose an above the Guidelines sentence, even though none was requested by the Government. Because the District Court imposed such a sentence upon Mr. Rinehart without providing notice, Mr. Rinehart's sentence must be vacated and his case remanded for resentencing.

# ARGUMENTS AND AUTHORITIES

## <u>GROUND OF ERROR #1</u>

I.    THE DISTRICT COURT ERRED BY DEPARTING UPWARD FROM THE
      SENTENCING GUIDELINES. THE DEPARTURE WAS NOT SUPPORTED
      BY THE RECORD OR ANY FINDINGS BY THE COURT.

II.   STANDARD OF REVIEW AND REVIEWABILITY

The PSR did not recommend that the District Court depart upward from the
range of imprisonment in the sentencing guidelines. The Government did not argue
for a sentence outside of the sentencing guidelines. Without providing notice that an
upward departure was being considered, the District Court imposed a sentence
outside the range of the advisory guidelines (3 R. 5).

Prior to 2003, this Court's review of departure decisions was for abuse of
discretion. <u>See</u> <u>Koon v. United States</u>, 518 U.S. 81, 91 (1996) ("The appellate court
should not review the departure de novo, but instead should ask whether the
sentencing court abused its discretion."); <u>id.</u> at 100(noting that just because "a
departure decision, in an occasional case, may call for a legal determination does not
mean, as a consequence, that parts of the review must be labeled de novo while other
parts are labeled an abuse of discretion" and pointing out that this unitary
abuse-of-discretion standard "includes review to determine that the discretion was not
guided by erroneous legal conclusions"); <u>United States v. Hefferon</u>, 314 F.3d 211,

227 (5th Cir.2002) ("We review the district court's decision to depart upward for abuse of discretion and shall affirm an upward departure if (1) the district court gives acceptable reasons for departing, and (2) the extent of the departure is reasonable.");

United States v. Harris, 293 F.3d 863, 871 (5th Cir.2002) ("We review a district court's departure from the range established by the Guidelines for abuse of discretion ...."); see also United States v. Ashburn, 38 F.3d 803, 807 (5th Cir.1994) (en banc). This review was pursuant to 18 U.S.C. § 3742(e) (1994) which read in relevant part:

> Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence ... (3) is outside the applicable guideline range, and is unreasonable, having regard for--
> (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title [§ 3551 et seq.]; and
> (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553©.... .

In April 2003, Congress amended § 3742(e), altering the standard of review with respect to the departure decision to de novo. See Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub.L. No. 108-21, § 401(d), 117 Stat. 650, 670 (Apr. 30, 2003); see United States v. Painter, 375 F.3d 336, 338 (5th Cir. 2004); United States v. Bell, 371 F.3d 239, 242-43 (5th Cir.2004); United States v. Lee, 358 F.3d 315, 326 (5th Cir.2004). Under this scheme, while the decision to depart was reviewed de novo, the degree of departure was still reviewed for abuse of discretion. See Bell, 371 F.3d at 242-43.

9

In <u>United States v. Booker</u>,   543  U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), the Supreme Court  excised § 3742(e), leaving the appellate courts to

review sentences for "reasonableness." <u>See</u> also  <u>United States v. Mares</u>,  402 F.3d

511, 520 (5th Cir.2005), petition for cert. filed, --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d

---- (U.S. Mar. 31, 2005) (No. 04-9517).   The Supreme Court explained that it was

essentially returning to the standard of review provided by the pre-2003 text, which

directs us "to determine whether the sentence 'is unreasonable' with regard to §

3553(a)." <u>Booker</u>, 125 S.Ct. at 765.  Section 3553(a) remains in effect, and its factors

guide the reviewing court  in determining whether a sentence is unreasonable.

<u>Booker</u>, 125 S.Ct. at 766; <u>see</u> also <u>Mares</u>, 402 F.3d at 519. <u>Booker</u> severed and

excised § 3742(e), replacing it with a reasonableness standard to be  applied  "across

the board." 125 S.Ct. at 766. Both standards require that a departure is reviewed in

light of the sentencing factors set forth in 18 U.S.C. § 3553(a).   The  reasonableness

review under <u>Booker</u> "is akin to ... abuse of discretion review." <u>United States v.</u>

<u>Hadash</u>, 408 F.3d 1080, 1083 (8th Cir.2005).


18 U.S.C. § 3553(a) reads:

(a) Factors to be considered in imposing a sentence.--The court shall
impose a sentence sufficient, but not greater than necessary, to comply

10

with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
© to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
(5) any pertinent [sentencing guidelines] policy statement ... [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In Mares, this Court explained that, where the sentencing judge, in the exercise of discretion, imposes a sentence "within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines" and that "it will be rare for a reviewing court to say such a sentence is 'unreasonable.' "

This Court has stated previously that it reviews the District Court's decision to depart upward under a "unitary abuse-of-discretion standard," Koon v. United States, 518 U.S. 81 (1996); United States v. McKenzie, 991 F.2d 203, 204 (5th Cir.1993).

This Court will affirm a departure from the Guidelines "if the district court offers acceptable reasons for the departure and the departure is reasonable." United States v. Lambert, 984 F.2d 658, 663 (5th Cir.1993). "If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account." Koon, 116 S.Ct. at 2045.

III.    ARGUMENT AND AUTHORITIES

The District Court abused its discretion by departing upward in this case. No notice was provided that an upward departure was being considered. An upward departure was not advocated by either the Government or the PSR officer. Further, the sentence imposed falls outside the parameters of "reasonableness".

A District Court is required to impose a sentence within the Guidelines unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In order for the District Court to depart from the Guidelines, "certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." Koon, 116 S.Ct. at 2046. The Supreme Court adopted the following inquiry that a sentencing court must make before departing from the Guidelines: 1) What features of this case, potentially, take

12

it outside the Guidelines' 'heartland' and make of it a special, or unusual, case? 2) Has the Commission forbidden departures based on those features? 3) If not, has the Commission encouraged departures based on those features? 4) If not, has the Commission discouraged departures based on those features? <u>Koon</u>, 116 S.Ct. at 2045; <u>United States v. Rivera</u>, 994 F.2d 942, 949 (1st Cir.1993).

After <u>Booker</u> , it has been said that a sentence within a properly calculated guideline range "is entitled to a rebuttable presumption of reasonableness," <u>United States v. Mykytiuk</u>, 415 F.3d 606, 608 (7th Cir.2005). "The farther the judge's sentence departs from the guidelines sentence (in either direction--that of greater severity, or that of greater lenity), the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed." <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir.2005). Justifying a sentence outside the range does not require canvassing the statutory factors: " 'Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.' " <u>Id</u>.; <u>United States v. George</u>, 403 F.3d 470, 472-73 (7th Cir.2005). Therefore, this Court should assess whether the District Court's choice of sentence is adequately explained given the record. This Court

13

must determine whether the court's articulated reasons for jumping from 51 months (the highest sentence permitted by the advisory guidelines) to 60 months are sufficiently compelling.

The PSR officer did not recommend a departure. The Government did not argue for a departure. The District Court merely stated that "The Court finds that based on defendant's criminal history, a sentence outside the Guideline Imprisonment Range is appropriate in order to protect the public from further crimes of the defendant" (3R. 5).

A District Court may depart upward from the Sentencing Guidelines if the court finds that an aggravating circumstance exists that was not adequately taken into consideration by the Sentencing Commission. 18 U.S.C. § 3553(b). Whenever a defendant is sentenced, the district judge is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553©. If the court departs upward from the Guidelines, the court must also state "the specific reason for the imposition of the sentence different from that described." Id.

The reasons that the District Court gave for the upward departure do not satisfy the requirements for upward departure nor did the District Court employ the proper methodology. Mr. Rinehart's conduct was adequately contemplated and punished in the application of the guidelines without departure. This Court may find the recent

case of   United States v. Wolfe, --- F.3d ----, 2006 WL 226019 (10th Cir. Jan 31,

2006) helpful.  The District Court in Wolfe upwardly departed, and cited "public

safety" as one of three reasons to justify its sentence.  The Tenth Circuit reversed and

remanded.   The District Court in Wolfe  specifically departed upward three more

levels because "the defendant's drunk driving did create a serious threat to the public

welfare, as evident by the tragic deaths in this case." The District Court based this

upward departure on U.S.S.G. § 5K2.14, which is a guidelines' policy statement

indicating that "if national security, public health, or safety was significantly

endangered, the court may increase the sentence above the guideline range to reflect

the nature and circumstances of the offense." In light of the policy statement, then,

this factor is one that the guidelines encourage District Courts to use as a ground for

upward departures.

     In relying on this factor, however, the District Court did not cite to any facts

other than the fact that two "tragic deaths occurred in this case." Because the District

Court did not cite to any additional justification for a departure based on a serious

threat to the public, the Tenth Circuit found that the District Court's sentence

constituted double counting in light of the sentence imposed.  Mr. Rinehart contends

that his criminal history was fully considered and punished in the calculation of his

criminal history category.

This Court may also find the case of <u>United States v. Casto-Juarez</u>, 2005 WL 2417065 (7th Cir.)( Oct. 3, 2005) helpful to the disposition of this case. The Court found that the sentence imposed was unreasonable in light of the District Court's explanation. The Court remanded the case " because that sentence is more than double the high end of the guideline range, we cannot conclude that the court's explanation is sufficiently compelling". <u>Id</u>. The Court noted that "...before <u>Booker</u>, we recognized that District Courts were required to sentence within the guideline range except in unusual cases" and "anything but a loose comparison to pre-<u>Booker</u> departure cases would vitiate the post-<u>Booker</u> discretion that sentencing courts enjoy. All that is necessary now to sustain a sentence above the guideline range is an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant ... In the end we are not persuaded that the district court met this standard". <u>Castro-Juarez</u> at *4.

The Court found that the District Court's recitation of the factors in section 3553(a) was not sufficient. The Court explained that ..."Having identified the relevant factors, however, the judge did not single out any aspect except criminal history. The court was understandably troubled by Castro-Juarez's history of several times entering the United States illegally, committing crimes once in the country,

being deported, and then beginning the cycle again. The judge also expressed dismay over Castro-Juarez's history of violence, especially that directed against his girlfriend. These are significant concerns, but they overlap and, as far as we can tell on this record, are encompassed by the District Court's explicit reference to the text of § 4A1.3. We understand that reference to mean that the District Court was  itself drawing an analogy to § 4A1.3, yet we have seen that the analogy does not fully explain the 48-month sentence..." Id. At *4.

Just as in Castro-Juarez, the District Court's statements in the current record are too ambiguous to explain the extent of its upward departure.  See United States v. Quintero, 21 F.3d 885, 894-95 (9th Cir. 1994).  "In order to facilitate appellate review, the district court must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions." Id. at 894.  The reasons given here do not justify the extent of  the District Court's departure.

In United States v. Rusher,  966 F.2d 868, 884 (4th Cir.1992), cert. denied, 506 U.S. 926 (1992),  the court  held that "a general recitation that the defendant's criminal history category or offense level under represents, in the sentencing court's opinion, the defendant's criminal record of the seriousness of the offense" is insufficient to justify an upward departure from the sentencing guidelines.   The District Court's comments here do not adequately substantiate the departure.  The

17

District Court's comments are merely a "general recitation" that Mr. Rinehart's criminal history justifies a departure, and is insufficient to sustain a departure.

The District Court in this case stated that it was departing upward from the Sentencing Guidelines because Mr. Rinehart's criminal history reflected a need to protect the public.  Mr. Rinehart's criminal history  was fully taken into account by his criminal history category.  In fact, Mr. Rinehart contends that his criminal history category  overstated  his criminal history. When Mr. Rinehart was twelve years old, he committed a sexual offense against his younger sister.  The state of Iowa did not adjudicate his offense until he was seventeen years and considered an adult.  In fact, Mr. Rinehart did not receive points for this offense because he had been released from custody for more than five years prior to the commencement of the instant offense.

Because the state of Iowa waited until he was an adult to  adjudicate the offense committed when he was twelve years old,  Mr. Rinehart was required to register as a sex offender for the rest of his life.  Mr. Rinehart's eight criminal history points are all related to the offense of non-reporting.  Mr. Rinehart did not commit additional sexual or otherwise violent crimes.  He failed to register as a sexual offender. The criminal history category of IV fully and completely punishes Mr. Rinehart for his failure to register or report as a sex offender.  These non-reporting

crimes have not been shown to be   an egregious factor that would justify an upward departure.

The District Court's   reference to Mr. Rinehart's criminal conduct is insufficient as a justification for the upward departure since this conduct had already been considered in the calculation of the criminal history category.

The extent of the departure in this case was also unreasonable.  The District Court increased by nine months, the equivalent of twenty percent,  the highest sentence that Mr. Rinehart was eligible to receive under the advisory guideline range of imprisonment.  The sentencing court, in addition to justifying the particular steps of the upward departure, should be able to justify the overall magnitude of that departure.  As the Tenth Circuit stated, "because a judge who departs no longer strictly follows the standards of the Guidelines, uniformity is threatened.  The relative lack of constraint accompanying departures also threatens the principle of proportionality."  United States v. Jackson, 921 F.2d 985, 988 (10th Cir.1990).  The exercise of restraint and moderateness in the situation of departures is therefore of great importance.

The reasons that the District Court gave for the upward departure and the extent of the upward departure do not satisfy the Sentencing Guidelines requirements for upward departure.  Mr. Rinehart's  conduct was adequately contemplated and

punished in the application of the guidelines without departure. The departure resulted in a sentence that was nine months higher than the highest sentence in the guideline range. This constitutes a 20 % increase in Mr. Rinehart's sentence. The District Court erred in departing upward to this magnitude. The sentence imposed on Mr. Rinehart is unreasonable. Therefore, the District Court erred in departing from the guidelines.

## **GROUND OF ERROR #2**

I.     MR. RINEHART'S   SENTENCE   MUST BE VACATED BECAUSE THE DISTRICT COURT DID NOT PROVIDE NOTICE OF  ITS  INTENT TO IMPOSE A SENTENCE ABOVE THE ADVISORY GUIDELINE RANGE.

II.     STANDARD OF REVIEW AND REVIEWABILITY

The PSR did not recommend  that the District Court  depart upward from the range of imprisonment in the sentencing guidelines.  The Government did not argue for a sentence outside of the sentencing guidelines. Without providing notice that an upward departure was being considered, the District Court imposed a sentence outside the range of the advisory guidelines  (3 R. 5).

Mr. Rinehart contends that the District Court erred by failing to give him the required  notice  of  its  intent  to  upwardly  depart.    Mr.  Rinehart  did  not contemporaneously object  to the District Court's  sua  sponte  departure. In the absence of a timely objection, a  Burns notice violation is ordinarily reviewable under the plain error standard. See United State v. Bellamy, 264 F.2d 448 (4th Cir. 2001); United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir.2003).  Appellate courts correct plain error when: (1) there is error; (2) the error is plain; (3) it affects the defendant's substantial rights; and (4) it seriously affects the fairness, integrity or public reputation of the judicial proceedings. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir.2002).

21

III.    ARGUMENT AND AUTHORITIES

The District Court abused its discretion by departing upward in this case. No notice was provided that an upward departure was being considered. An upward departure was not advocated by either the Government or the PSR officer.  The first indication that an upward departure was being considered was when the District Court stated its intention as it was imposing the sentence.

The District Court erred by not providing advance notice of its intent to depart from the Sentencing Guidelines   required by Fed.R.Crim.P. 32(h).   The Rule provides:

> "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." Fed.R.Crim.P. 32(h).

In  Burns v. United States, 501 U.S. 129 (1991), the Supreme Court held that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the District Court give the parties reasonable notice that it is contemplating such a ruling." 501 U.S. 129, 138 (1991).    T h e notice must "specifically identify" the reason for the departure. Burns at 138-39.

In Burns,  the Supreme Court was forced to determine whether a District Court could upwardly depart from a Guideline sentencing range without providing the parties with notice of an intent to depart before doing so. The Supreme Court concluded that the "answer to this question is clearly no." Id. at 135. More than 10 years later, the notice requirement first set forth in Burns was enshrined in Rule 32(h) of the Rules of Criminal procedure Rule 32(h) requires that a District Court must "give parties reasonable notice that it is contemplating" a departure and must "specify any ground on which the court is contemplating a departure." Such notice is required if the District Court seeks to  depart from the Guideline range "on a ground not identified for departure in the Presentence report or in a parry's prehearing submission

In Burns, the PSR specifically stated that there were "no factors that would warrant a departure from the guideline sentence." Id. at 131, 111 S.Ct. 2182. Nevertheless, the District Court announced at the end of sentencing that it was departing from the Sentencing Guidelines range without previously giving the parties advance notice of its intent to depart. Id. In reversing the court of appeal's affirmance of the District Court's departure, the Court held that Rule 32 required that the District Court "give the parties reasonable notice that it is contemplating [a departure]" before it can "depart upward on a ground not identified as a ground for upward departure

23

either in the presentence report or in a prehearing submission by the Government." Id. at 138-39, 111 S.Ct. 2182.

The requirement that a District Court provide notice of its intent to upwardly depart from the Guidelines is equally applicable to above the Guidelines sentences imposed in a post-Booker advisory Guideline system. Because the District Court imposed such a sentence upon Mr. Rinehart without providing notice, that sentence must be vacated.

In Burns, the Supreme Court recognized that modern federal sentencing requires procedures that promote "focused, adversarial resolution of the legal and factual issues." It is, therefore, essential that all the parties involved at sentencing - the defendant, the Government, and the District Court - know prior to sentence what issues need to be addressed. The Supreme Court recognized. and the Rules of Criminal Procedure later codified, that this was best achieved through notice to the parties by the District Court when it intended to impose an above-the- Guidelines sentence.

The Supreme Court's recent decision in United States v. Booker, 453 U S 220 (2005), does not affect the application of the notice requirement in Rule 32(h) In Booker, the Supreme Court cured the Sixth Amendment defects inherent in a mandatory Guideline system by amending the Sentencing Reform Act and making the

Guidelines advisory. Id. at 756-757. In doing so, the Court discussed the specific provisions of the SRA which "we must sever and excise as inconsistent with the Court's constitutional requirement". Id at 764. Only two specific provisions were excised -- 18 U S.C §3553(b)(1) and 3742(e). Thus. the notice provision of Rule 32(h) remains in effect and must be complied with by the District Court.

It is Mr. Rinehart's contention that notice prior to the District Court imposing an above-the-Guidelines sentence is critical to the focused inquiry at sentencing required by the Supreme Court and Rule 32. In a post-Booker sentencing scheme, a District Court can impose a sentence outside of the advisory Guideline range in two ways. First, it can depart from that advisory Guideline range as it could before Booker was decided Second, it can vary from that advisory Guideline range and impose a sentence within the range set by the United States Code. In the first instance, Rule 32(h) would unquestionably prevent the District Court from an unwarned upward departure In the second, the concerns which motivated Burns and the adoption of Rule 32(h) require its notice requirement to be followed as well In either case, a sentence must be "sufficient, but not grater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S C §3553(a)(2).

Regardless of whether the District Court departs or varies, the notice requirement of Rule 32(h) provides the same critical function As the Supreme Court

recognized in Burns, the purpose of Rule 32 in general is "promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guideline sentences." Burns, 501 U S at 137. On a more fundamental level, the Court noted that " "[t]h[e] right to be heard has little reality or worth unless one is informed that a decision is contemplated' " Id. at 136; see also Mullane v Central Hanover Bank & Trust Co., 339 U.S 306, 314 (1950).

Thus, the right of a defendant to be heard at sentencing is meaningless if he has no notice of the issues relevant to the District Court's imposition of sentence.

The rationale that animated Burns applies with even more force in a post-Booker advisory Guideline system. Where once a defendant could be assured of receiving a sentence within the Guideline sentencing range, District Courts now have the discretion to impose sentences well above or below the advisory Guideline sentencing range. Where the Guidelines once limited the information relevant to sentencing decisions, the information relevant to whether a sentence is ""sufficient, but not greater than necessary to comply with the purposes" set forth in 18 U.S.C §3553(a)(2), is considerably broader  See  United States v Ranum, 353 F.Supp.2d 984, 986 (E D Wis 2005)(citing those facts now relevant in sentencing).  Given the broad range of issues and evidence that may be relevant at sentencing, it is critical that sentencing hearings are focused on disputed issues of fact or law that can be

resolved by the District Court after full argument by the parties. That is why Rule 32(f) sets forth strict timelines for the parties to object to the PSR and why Rule 32(i)(3) requires the District Court to resolve disputes prior to sentencing. The notice provision required by <u>Burns</u> and Rule 32(h) likewise promotes the "focused, adversarial resolution of the legal and factual issues."

Mr. Rinehart acknowledges that this court has not ruled on the applicability of Rule 32(h) to post-<u>Booker</u> sentences, whether within or outside the Guidelines scheme. The other circuits which have considered the question have split on the issue. <u>See</u> <u>United States v. Hawk Wing</u>, No. 05- 2263, 2006 U .S.App. LEXIS 262, at *6-12 (8th Cir. Jan. 6, 2006) (applying Rule 32(h) notice requirement to non-Guidelines sentence without comment); <u>United States v. Egenberger</u>, 424 F.3d 803, 805-06 (8th Cir.2005) (not requiring Rule 32(h) notice in sentence involving departure above advisory guideline range); <u>United States v. Monroy</u>, No. 04-3234, 135 Fed. Appx. 190, 2005 U.S.App. LEXIS 11538, at *7-8 (10th Cir. June 16, 2005) (holding that "there is nothing in the remedial portion of <u>Booker</u> which impugns the continued vitality of departures or Rule 32(h)").

This Court may also wish to consider the unpublished case of <u>United States v. Florez</u>, 2006 WL 38948 (11th Cir.(Fla.) Jan 09, 2006).  The Eleventh Circuit held that the District Court plainly erred by not giving Florez notice before the sentencing

27

hearing that it was contemplating an upward departure. Like this case, the PSR did not suggest an upward departure, and the government made no such suggestion in its pre-hearing submission. The first mention of a possible departure from the guidelines range was made by the district court at the sentencing hearing". <u>Florez</u> at *8. This Circuit should join those who continue to apply Rule 32(h) in post-<u>Booker</u> cases.

Here, the District Court plainly erred by not giving Mr. Rinehart notice before the sentencing hearing that it was contemplating an upward departure. The PSR did not suggest an upward departure, and the government made no such suggestion in its pre-hearing submission. The first mention of a possible departure made by the District Court at the sentencing hearing. Thus, there was error that was plain, satisfying the first two prongs of plain-error review.

As to the third prong, the <u>Burns</u>-notice error affected Mr. Rinehart's substantial rights under the factual circumstances of this case. <u>See</u> <u>United States v. Valentine</u>, 21 F.3d 395, 397-98 (11th Cir.1994) (holding that District Court committed plain error when it failed to provide pre-hearing notice of an upward departure, relied upon unsupported factual assumptions as a basis for the departure and imposed a sentence substantially in excess of the guidelines range). First, if defense counsel had known prior to the hearing that Mr. Rinehart's criminal history might be used to support an upward departure on a "public safety" issue, he would

28

have had an opportunity to marshal facts to contest a departure on this basis. See id. at 398 (explaining that defendant was prejudiced because the lack of pre-hearing notice deprived counsel of the opportunity to contest factual assumptions used to support upward departure). Second, Mr. Rinehart has  arguments on appeal challenging the departure as unreasonable and shown that they could have been made at sentencing if given adequate notice of the upward departure. See  United States v. Jones, 1 F.3d 1167, 1171 (11th Cir.1993).

Third, the District Court sentenced Mr. Rinehart to a term of imprisonment (60 months) significantly higher than the highest applicable guidelines range sentence (51  months). See Valentine, 21 F.3d at 398 (pointing to the  "substantial extra prison time" in determining that defendant was prejudiced by the erroneous upward departure). Under the circumstances of this case, Mr. Rinehart  has shown that the error affected his substantial rights, and that the error seriously affected the fairness and integrity of the sentencing hearing. Based on the foregoing, this Court should vacate and remand for resentencing, with instructions to provide reasonable Burns notice if an upward departure  will be considered.

# CONCLUSION

FOR THESE REASONS, Appellant's sentence should be vacated and the case remanded to the District Court for resentencing.

Respectfully submitted,

_____
**WAYNE R. DICKEY**
Assistant Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
Texas Bar Card No. 05832020
*Attorney for Appellant*

_____
**AMY R. BLALOCK**
Legal Research and Writing Specialist
Office of the Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
Texas Bar Card No. 02438900

# CERTIFICATE OF SERVICE

I certify that on the 22nd day of February, 2006, I served one 3 ½ inch disk containing the foregoing Brief of Appellant, along with two printed copies of the Brief of Appellant, on the following individual by certified mail return receipt requested, by depositing same, enclosed in post paid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means pursuant to Fed. R. App. P. Rule 25:

Alan Jackson
Assistant United States Attorney
110 N. College Suite 700
Tyler, Texas 75702

Further, I certify that on the above date, I served one (1) copy of the foregoing Brief of Appellant on the following individual by depositing same, enclosed in post paid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means:

Timothy Rinehart
USM#
USP LEAVENWORTH
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS 66048

_____
**WAYNE R. DICKEY**
*Attorney for Appellant*

31