# OFFICE OF THE FEDERAL DEFENDER
### EASTERN DISTRICT OF TEXAS
### 110 NORTH COLLEGE, SUITE 1122
### TYLER, TEXAS 75702

G. PATRICK BLACK
FEDERAL DEFENDER

(903) 531-9233
FAX: (903) 531-9625

April 4, 2006



U.S. COURT OF APPEALS
**FILED**
APR 0 5 2006
CHARLES R. FULBRUGE III
CLERK

Office of the Clerk
Fifth Circuit Court of Appeals
600 Camp Street
New Orleans, Louisiana 70130

Re:  United States v. Timothy Rinehart
     No. 04-41059  05-41593

Dear Clerk:

   Pursuant to Federal Rules of Appellate Procedure Rule 28(j), enclosed with this letter is a new authority, United States v. Jones  -- F.3d ---, 2006 WL 766691 C.A.5 (March 27, 2006), which is relevant in the above-referenced appeal.

   In the Jones case, Robert Jones pleaded guilty to possession of child pornography in violation of 18 U.S.C § 2252A(a)(5)(B). At sentencing, the district court sentenced Jones to the statutory maximum prison term of 120 months, which was beyond the 46-to-57 month range calculated under the Sentencing Guidelines. Jones appealed, and challenged his sentence on the ground, *inter alia*, that, in violation of Federal Rule of Criminal Procedure 32(h), he did not receive notice before sentencing that an upward departure was contemplated or notice of the grounds for that departure. This Court found that plain error was not shown, and affirmed the sentence.

   This opinion is directly on point with Mr. Rinehart's argument made in the Appellant's Initial Brief, Ground of Error No. 2, pages 21 through 29. Mr. Rinehart believes that the Jones is distinguishable from his case, however, because Mr. Rinehart did not possess the same number of images that Jones possessed. This Court held in Jones that " we cannot say that it was reasonably probable that the district court would have chosen a lesser sentence had it not relied on the prior arrests. At best, the record indicates that it is equally plausible that the district court would have imposed the same sentence as it is plausible that the court would not have". At sentencing, Jones admitted that a file on his computer contained 989 still images and 45 movies involving child pornography. Since November 2003, the commentary to the Guidelines has provided that each movie is considered to have 75 images of child pornography. Based on that commentary, Jones was in possession of 4,139 images of child pornography.

This Court went on to state in the <u>Jones</u> opinion that:

These Guidelines are advisory only, and the district court could have reasonably concluded that the possession of 4,139 images of child pornography was "an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. 3553(a)(2), should result in a sentence different from that described." After considering the factors in § 3553(a), the district court could reasonably have concluded that the maximum statutory sentence was necessary to reflect the nature and seriousness of Jones's offense and was necessary to protect the public from further crimes."

In Mr. Rinehart's case, the PSR contained a statement that Mr. Rinehart possessed more than 2,000 pornographic images of children on his computer. Both parties stipulated that Mr. Rinehart possessed ten or more items containing a visual depiction involving the sexual exploitation of a minor; accordingly, the PSR assigned Mr. Rinehart a two-level upward adjustment pursuant to U.S.S.G. 2G2.4(b)(2).

By copy of this letter, I am informing opposing counsel, Alan Jackson, of this new development.

Your assistance in this matter is appreciated.

Yours truly,

WAYNE R. DICKEY
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2006, a true and correct copy of the foregoing letter was mailed to:

Alan Jackson
Assistant United States Attorney
110 N. College Suite 700
Tyler, TX 75702

by depositing same, enclosed in post paid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means pursuant to the Federal Rules of Criminal Procedure, Rule 49.

_____
WAYNE R. DICKEY
*Attorney for Defendant-Appellant*



2006 WL 766691   Page 1

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert JONES, Defendant-Appellant.
No. 05-60152.

March 27, 2006.

**Background:** Defendant was convicted, on guilty plea, of possession of child pornography by the United States District Court for the Northern District of Mississippi, Michael P. Mills, J., and he appealed from sentence imposed.

**Holdings:** The Court of Appeals, Owen, Circuit Judge, held that:
(1) child pornography defendant's prior arrests for sexual battery based on allegations that he had molested five- and six-year-old children did not constitute reliable information, upon which district court could rely as basis for upward departure from applicable Guidelines range;
(2) it was not reasonably probable that defendant would have received lesser sentence had district court not considered his prior arrests;
(3) 120-month sentence was not unreasonable; and
(4) even assuming that district court had failed to provide child pornography defendant with appropriate notice of fact that it was considering an upward departure from recommended Guidelines range, district court's error did not rise to level of plain error.
Affirmed.

[1] Criminal Law ⚷1042

110k1042 Most Cited Cases
Child pornography defendant's prior arrests for sexual battery based on allegations that he had molested five-- and six-year-old children did not constitute reliable information, upon which district court could rely as basis for upward departure from applicable Guidelines range in sentencing him for his possession of child pornography, absent any finding that defendant had actually committed sexual batteries of which he was accused; district court's consideration of these prior arrests as factor in sentencing was not only error, but error that was plain or obvious, as required by second step of "plain error" review. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

[1] Sentencing and Punishment ⚷834
350Hk834 Most Cited Cases
Child pornography defendant's prior arrests for sexual battery based on allegations that he had molested five-- and six-year-old children did not constitute reliable information, upon which district court could rely as basis for upward departure from applicable Guidelines range in sentencing him for his possession of child pornography, absent any finding that defendant had actually committed sexual batteries of which he was accused; district court's consideration of these prior arrests as factor in sentencing was not only error, but error that was plain or obvious, as required by second step of "plain error" review. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

[2] Criminal Law ⚷1134(3)
110k1134(3) Most Cited Cases
When district court's departure from Sentencing Guidelines range is based on both valid and invalid factors, appellate court must conduct separate inquiries under both provisions of review statute to determine whether remand is required, either because sentence was imposed as result of incorrect application of Guidelines, or because sentence is unreasonable departure from applicable Guidelines range. 18 U.S.C.A. § 3742(f)(1, 2); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691                                                                                                    Page 2

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

**[2] Sentencing and Punishment ⚖═804**
350Hk804 Most Cited Cases
When district court's departure from Sentencing Guidelines range is based on both valid and invalid factors, appellate court must conduct separate inquiries under both provisions of review statute to determine whether remand is required, either because sentence was imposed as result of incorrect application of Guidelines, or because sentence is unreasonable departure from applicable Guidelines range. 18 U.S.C.A. § 3742(f)(1, 2); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**[3] Criminal Law ⚖═1181.5(8)**
110k1181.5(8) Most Cited Cases
District court's departure from Sentencing Guidelines range based on factor that Sentencing Commission has expressly rejected as appropriate ground for departure is "incorrect application of the Guidelines," within meaning of review provision; however, unless departure sentence was imposed "as a result of" this incorrect application, remand is not required. 18 U.S.C.A. § 3742(f)(1); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**[3] Sentencing and Punishment ⚖═804**
350Hk804 Most Cited Cases
District court's departure from Sentencing Guidelines range based on factor that Sentencing Commission has expressly rejected as appropriate ground for departure is "incorrect application of the Guidelines," within meaning of review provision; however, unless departure sentence was imposed "as a result of" this incorrect application, remand is not required. 18 U.S.C.A. § 3742(f)(1); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**[4] Criminal Law ⚖═1134(3)**
110k1134(3) Most Cited Cases
To determine whether remand is required based on district court's incorrect application of the Sentencing Guidelines, in departing from Guidelines range based, at least in part, on factor(s) which the Sentencing Commission had expressly rejected as appropriate ground for departure, Court of Appeals must decide whether district court would have imposed same sentence had it not relied on invalid factor(s). 18 U.S.C.A. § 3742(f)(1); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**[5] Criminal Law ⚖═1177**
110k1177 Most Cited Cases
While district court should not have relied, as basis for upward departure from applicable Guidelines range in sentencing defendant for possession of child pornography, on fact that he had previously been arrested for sexual battery on children, it was not reasonably probable that defendant would have received lesser sentence had district court not considered his prior arrests, so that Court of Appeals did not have to remand based on district court's incorrect application of the Sentencing Guidelines in relying on sentencing factor that the Sentencing Commission had expressly rejected as appropriate ground for departure, given district court judge's remarks at sentencing, and given fact that defendant admitted that file on his computer contained 989 still images and 45 movies involving child pornography. 18 U.S.C.A. § 3742(f)(1); U.S.S.G. § 2G2.2(b)(7) 18 U.S.C.A.

**[6] Obscenity ⚖═18.1**
281k18.1 Most Cited Cases
District court's decision, in sentencing defendant convicted of possession of child pornography, to depart upward from recommended Guidelines range of 46 to 57 months and to impose statutory maximum sentence of 120 months in prison was not unreasonable, so that Court of Appeals did not have to remand based on sentencing court's error in improperly considering evidence of defendant's prior arrests for sexual battery on children, where defendant admitted that file on his computer contained 989 still images and 45 movies involving child pornography; district court could have reasonably concluded that defendant's possession of what amounted to more than 4,000 images of child pornography was aggravating circumstance of kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. 18 U.S.C.A. § 2252A(b)(2); U.S.S.G. §§ 2G2.2(b)(7), 5K2.0(a)(1)(B), 18 U.S.C.A.

**[6] Sentencing and Punishment ⚖═820**
350Hk820 Most Cited Cases

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691                                                                Page 3

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

District court's decision, in sentencing defendant convicted of possession of child pornography, to depart upward from recommended Guidelines range of 46 to 57 months and to impose statutory maximum sentence of 120 months in prison was not unreasonable, so that Court of Appeals did not have to remand based on sentencing court's error in improperly considering evidence of defendant's prior arrests for sexual battery on children, where defendant admitted that file on his computer contained 989 still images and 45 movies involving child
pornography; district court could have reasonably concluded that defendant's possession of what amounted to more than 4,000 images of child pornography was aggravating circumstance of kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. 18 U.S.C.A. § 2252A(b)(2); U.S.S.G. §§ 2G2.2(b)(7), 5K2.0(a)(1)(B), 18 U.S.C.A.

[7] Criminal Law ☞1134(2)
110k1134(2) Most Cited Cases
In reviewing district court's upward departure sentence to determine whether it constituted an unreasonable departure from applicable Guidelines range, Court of Appeals was guided by factors set forth in federal sentencing statute and, while not bound by the Guidelines or policy statements, could consult and take them into account. 18 U.S.C.A. § 3553(a); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

[7] Sentencing and Punishment ☞665
350Hk665 Most Cited Cases
In reviewing district court's upward departure sentence to determine whether it constituted an unreasonable departure from applicable Guidelines range, Court of Appeals was guided by factors set forth in federal sentencing statute and, while not bound by the Guidelines or policy statements, could consult and take them into account. 18 U.S.C.A. § 3553(a); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

[8] Sentencing and Punishment ☞995
350Hk995 Most Cited Cases
Sentencing court must enumerate particular reasons for departure from Sentencing Guidelines range, even after the Guidelines, as result of the Supreme Court's *Booker* decision, have been rendered advisory. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

[9] Sentencing and Punishment ☞934
350Hk934 Most Cited Cases
One of purposes of Federal Rule of Criminal Procedure requiring district court
to provide parties with reasonable notice that it is contemplating a departure from applicable Sentencing Guidelines range on a ground not identified for departure either in presentence report or in party's rehearing submission is to promote focused, adversarial resolution of legal and factual issues relevant to fixing Guidelines sentences. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.; Fed.Rules Cr.Proc.Rule 32(h), 18 U.S.C.A.

[10] Criminal Law ☞1042
110k1042 Most Cited Cases
Even assuming that district court had failed to provide child pornography defendant with appropriate notice of fact that it was considering an upward departure from recommended Guidelines range, district court's error did not rise to level of plain error, where defendant contended that the only thing that he would have done had he been given proper notice was to advise district court that its reliance on his prior arrests as factor at sentencing was prohibited, and where it was not reasonably probable that district court would have chosen a lesser sentence had it not relied on these prior arrests. U.S.S.G. § 2G2.2(b)(7), 18 U.S.C.A.; Fed.Rules Cr.Proc.Rule 32(h), 18 U.S.C.A.

Paul David Roberts, Asst. U.S. Atty. (argued), Oxford, MS, for Plaintiff-Appellee.

Thomas Constantine Levidiotis (argued), Oxford, MS, for Defendant-Appellant.

Appeal from the United States District Court for the Northern District of Mississippi.

Before BENAVIDES, STEWART and OWEN, Circuit Judges.

OWEN, Circuit Judge:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691 Page 4

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

*1 Robert Jones pleaded guilty to possession of child pornography in violation of 18 U.S.C § 2252A(a)(5)(B). At sentencing, which occurred after the United States Supreme Court decided *United States v. Booker,* [FN1] the district court sentenced Jones to the statutory maximum prison term of 120 months, [FN2] which was beyond the 46-to-57 month range calculated under the Guidelines. Jones challenges his sentence on three grounds, claiming, for the first time on appeal, that (1) in violation of Federal Rule of Criminal Procedure 32(h), he did not receive notice before sentencing that an upward departure was contemplated or notice of the grounds for that departure, (2) the district court based its decision to depart upwardly on impermissible factors, and (3) the sentence is unreasonable. Because we conclude that plain error has not been shown, we affirm Jones's sentence.

I

Jones pleaded guilty to the possession of child pornography that has been transported in interstate commerce, which constitutes a violation of 18 U.S.C. § 2252A(a)(5)(B). At his plea hearing, Jones specifically admitted to each element that established this crime, and he also admitted to all facts contained in the presentence report ("PSR"). Prior to the sentencing hearing, the Supreme Court decided *Booker,* which rendered the Sentencing Guidelines effectively advisory. [FN3] The district court understood the Guidelines to be advisory at the time of sentencing and upwardly departed from the range calculated under the Guidelines citing several factors including prior arrests that did not result in convictions and "aggravating circumstances ... not adequately taken into consideration by the sentencing commission." Jones appeals his sentence.

II

Because the issue of whether the district court considered impermissible factors in deciding to depart upwardly from the Guidelines range informs our consideration of Jones's other contentions, we turn to it first. The PSR prepared by United States Probation reflects that Jones was indicted on February 26, 2004 for allegedly possessing child pornography on January 28, 2004. On February 22, 2004, he was arrested on state charges of two counts of sexual battery based on allegations that he inserted his penis in the mouth of a five-year-old and in the mouth of a six-year-old while babysitting. The PSR also reflected that Jones had been charged in 1993 with the rape of his four-year-old niece but that those charges had been dismissed. The sentencing hearing for Jones's conviction of the federal crime at issue in this case was held in March 2005. The two state sexual battery charges were pending at that time.

United States Probation determined Jones's base offense level to be 15 pursuant to U.S.S.G. § 2G2.4. After certain enhancements [FN4] and a three-point reduction for acceptance of responsibility, Jones's total offense level was calculated to be 23. Because Jones had a criminal history category of I, the Guidelines imprisonment range was 46 to 57 months. [FN5]

*2 [1] The district court did not include a written statement in the judgment setting forth the reasons for the upward departure but did orally state its reasons at the sentencing hearing. It is clear the court considered the prior arrests in deciding to impose the maximum statutory sentence. [FN6] The Guidelines expressly provide in a policy statement that "[a] prior arrest record itself shall not be considered for purposes of an upward departure...." [FN7] While the Guidelines contemplate that a district court may base an upward departure on "[p]rior similar adult criminal conduct not resulting in a criminal conviction," [FN8] they also contemplate that there must be "reliable information" of such conduct. [FN9] Arrests, standing alone, do not constitute reliable information under either the Guidelines or our precedent pre-dating the Guidelines. [FN10] The district court did not find that Jones actually committed the rape of a child in 1993 or that Jones committed the sexual batteries of which he had been accused at the time of sentencing. Had there been such findings, supported by evidence, the district court could have considered those facts in determining the likelihood that Jones would commit crimes in the future. But absent such evidence and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

findings, it was error to take the mere fact of prior arrests into account. The government's contentions to the contrary are not well-taken.

### III

Had Jones apprised the district court of his objection to consideration of prior arrests, we would have a roadmap from the Supreme Court, at least prior to the *Booker* decision. In *Williams v. United States*, the district court had erred in relying on prior arrests among other factors in imposing an upward departure. [FN11] The Supreme Court granted certiorari to decide "whether a reviewing court may affirm a sentence in which a district court's departure from the guideline range is based on both valid and invalid factors." [FN12]

[2] The Court explained that in reviewing a departure from a Guidelines range "the reviewing court is obliged to conduct two separate inquiries." [FN13] The first is under 18 U.S.C. § 3742(f)(1). [FN14] If the sentence was "imposed either in violation of law or as a result of an incorrect application of the Guidelines," a remand is required. [FN15] If remand is not required under that section, the reviewing court should determine under § 3742(f)(2) if "the resulting sentence [is] an unreasonably high or low departure from the relevant guideline range." [FN16] Accordingly, we first consider § 3742(f)(1).

[3][4] The *Williams* decision held that a departure from a Guidelines range based on a factor that the Sentencing Commission has expressly rejected as an appropriate ground for departure "is an incorrect application of the Guidelines" within the meaning of 18 U.S.C. § 3742(f)(1). [FN17] However, *Williams* concluded that because the statute only requires remand "if the sentence was 'imposed *as a result of* an incorrect application,'" remand is not automatic. [FN18] The Court reasoned that if the district court did not "intend[ ] to depart from the Guidelines, a sentence is imposed 'as a result of' an incorrect application ... when the error results in the district court selecting a sentence from the wrong guideline range." [FN19] But if the district court intended to depart from the guideline range, "a sentence is imposed 'as a result of' a misapplication of the Guidelines if the sentence would have been different but for the district court's error." [FN20] The Court then said, "in determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." [FN21]

The Supreme Court further held in *Williams* that the "harmless error" rule applies, [FN22] despite the dissenting opinion's assertion that "appellate review of departure sentences under § 3742 does not accommodate 'harmless-error' review." [FN23] Citing Federal Rule of Criminal Procedure 52(a), *Williams* concluded:

> *3 [T]he party challenging the sentence on appeal, although it bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision. Rather, once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed. [FN24]

The *Williams* decision did not directly discuss whether the "would-have-been-a-different-sentence" inquiry is altered when appellate review is for plain error. But based on the Court's reliance on Rule 52(a), its discussion of harmless error, and its pointed rejection of the dissenting opinion's position, it would seem that a defendant challenging a sentence for the first time on appeal should have a different burden, consistent with Rule 52(b)'s "subtle but important" difference, as articulated in the Supreme Court's decision in *United States v. Olano*. [FN25]

The decision in *Olano* set forth three "limitation[s] on appellate authority under Rule 52(b)," which are that there must be error, the error must be plain, and the plain error must affect substantial rights. [FN26] Even when these elements are present, "the court of appeals has authority to order correction, but is not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691                                                                                                         Page 6

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

required to do so," and "the standard that should guide the exercise of remedial discretion under Rule 52(b)" is whether "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " [FN27] We have little difficulty in concluding that consideration of the mere fact of prior arrests was error and that it was plain. Whether the consideration of prior arrests in conjunction with other, permissible, factors affected Jones's substantial rights and whether, assuming it did, the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" are more complex questions.

*Olano* explained that when a defendant has failed to call a complaint to the district court's attention and review is for plain error, the burden of establishing prejudice is generally shifted. [FN28] "Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)." [FN29] Prejudicial means "it must have affected the outcome of the district court proceedings." [FN30]

Pre-*Booker*, this circuit reviewed a district court's upward departure in *United States v. Ravitch*, and said "where we have concluded that '[i]f the case were remanded the trial judge could reinstate the same sentence,' we have upheld the defendant's sentence although the district court's stated reasons for departing evidence a mistaken application of the Sentencing Guidelines." [FN31] Thus, based on this circuit's pre-*Booker* precedent, the inquiry in *Williams* and *Koon* under Rule 52(a) shifts from whether the district court *would* have imposed the same sentence [FN32] to an inquiry under Rule 52(b) of whether the district court *could* have imposed the same sentence. [FN33]

*4 Post-*Booker*, in *United States v. Villegas*, this circuit articulated the Rule 52(b) standard somewhat differently in the context of misapplication or misinterpretation of an enhancement under the Guidelines. [FN34] We said that the inquiry "is whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." [FN35] This seems more consistent with the discussion in *Williams* of an appellate court's authority to affirm a sentence "when the district court, once made aware of the errors in its interpretation of the Guidelines, may have chosen a different sentence," and *Williams* 's admonition that the selection of a sentence is left to the district court:

> In practical effect, therefore, the divergence of the dissent's interpretation of the statute [including the could-have-based-its-departure-on-the-remaining-factors inquiry] from our own is in the degree of an appellate court's authority to affirm a sentence when the district court, once made aware of the errors in its interpretation of the Guidelines, may have chosen a different sentence. Although the Act established a limited appellate review of sentencing decisions, it did not alter a court of appeals' traditional deference to a district court's exercise of its sentencing discretion. The selection of the appropriate sentence from within the guideline range, as well as the decision to depart from the range in certain circumstances, are decisions that are left solely to the sentencing court.... The development of the guideline sentencing regime has not changed our view that, except to the extent specifically directed by statute, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." [FN36]

The inquiry set forth in *Ravitch*--whether the district court could have imposed the same sentence--is an objective one. The inquiry under *Villegas*-- whether there is a reasonable probability that, but for the misapplication of the guidelines, a lesser sentence would have been imposed--is more subjective. We need not resolve whether the two can be harmonized or which standard governs because a remand is not required under either.

[5] The record as a whole does not indicate that it is reasonably probable Jones would have received a lesser sentence if the district court had not considered the prior arrests. At sentencing, Jones admitted that a file on his computer contained 989

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691                                                                      Page 7

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

still images and 45 movies involving child pornography. The Guidelines provide for increasing the level of the offense of possessing child pornography based on the number of images:
  *5 If the offense involved--
  (A) at least 10 images, but fewer than 150, increase by 2 levels;
  (B) at least 150 images, but fewer than 300, increase by 3 levels;
  (C) at least 300 images, but fewer than 600, increase by 4 levels;
  (D) 600 or more images, increase by 5 levels. [FN37]

The district court stated that "the facts found are ... of the kind not sufficiently contemplated by the sentencing commission." The court stated that it had considered the Guidelines, the factors enumerated in 18 U.S.C. § 3553, as well as subsection 3553(b)(2), which the court noted dealt with child crimes and sexual offenses, and the court explained that when it finds "that there exists [sic] aggravating circumstances of a kind or to a degree not adequately taken into consideration by the sentencing commission, then I can give a sentence that is greater than that described in the sentencing guidelines." The district court acknowledged the prior rape allegation and pending charges against Jones and said it was considering those factors in the sentence. But the district court also said, "I believe that in this particular case, under 3553, that this is a very serious offense," then repeated, "[t]his is a very serious offense." The most reasonable interpretation of the references to "offense" means the child pornography offense since the reference is to a single offense. The court continued, "I don't know in this defendant's case whether any sentence will deter him from any future criminal conduct, but I do know that to the extent I have any authority I'm going to protect the public from further crimes by this defendant, and that is one of the options I have and one of the responsibilities I have." This discussion and the pointed "to the extent I have any authority" statement indicate that it is not reasonably probable that the district court would have imposed a lesser sentence if it had ignored the prior arrests.

Consistent with the inquiry in *Ravitch*, the district court could reinstate the same sentence if we were to remand because that sentence was not unreasonable for reasons we discuss more fully in our analysis under 18 U.S.C. § 3742(f)(2).

IV

[6] Having concluded that a remand is not required under 18 U.S.C. § 3742(f)(1), we must determine whether remand is required under § 3742(f)(2). [FN38] We are persuaded that *Booker* does not alter the way in which an upward departure is reviewed under § 3742(f)(2) for plain error. The remedial opinion in *Booker* did not sever or excise 18 U.S.C. § 3742(f)(3), which directs that a court of appeals "shall affirm [a] sentence" unless it is "described in paragraph (1) or (2)" of § 3553(f). We are to reverse and remand an upward departure from a Guidelines range that was "based on an impermissible factor" only "if [the court of appeals] determines that the sentence is too high." [FN39] The statutory "too high" requirement is the equivalent of the "unreasonableness" standard set forth in *Booker*. The remedial opinion in *Booker* expressly recognized that not every appeal in the wake of that decision would "lead to a new sentencing hearing ... because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." [FN40] The requirement in *Booker* that courts of appeals review sentences "across the board" for unreasonableness [FN41] does nothing to undercut Rule 52(b)'s burden-shifting when review is for plain error.

[7] We must determine, therefore, whether the district court could reasonably have imposed the maximum statutory sentence, 120 months, for Jones's offense based on the record before it. As *Booker* directs, [FN42] we are guided by the factors set forth in 18 U.S.C. § 3553(a), [FN43] and although we are not bound by the Guidelines or policy statements, we consult and take them into account. [FN44] The policy statement in the Guidelines regarding upward departures in child crimes and sexual offenses is contained in U.S.S.G. § 5K2.0(a)(1)(B). [FN45]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*6 Jones did not object to any of the factual statements in the PSR, and the district court adopted those statements as its findings of fact. The PSR reflects that Jones was in possession of 989 still images of child pornography and 42 movies. Since November 2003, the commentary to the Guidelines has provided that each movie is considered to have 75 images of child pornography. [FN46] Based on that commentary, Jones was in possession of 4,139 images of child pornography. The Guidelines provide for increasing the level of the offense of possessing child pornography based on the number of images:

If the offense involved--
(A) at least 10 images, but fewer than 150, increase by 2 levels;
(B) at least 150 images, but fewer than 300, increase by 3 levels;
(C) at least 300 images, but fewer than 600, increase by 4 levels;
(D) 600 or more images, increase by 5 levels. [FN47]

These Guidelines are advisory only, and the district court could have reasonably concluded that the possession of 4,139 images of child pornography was "an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." [FN48] After considering the factors in § 3553(a), the district court could reasonably have concluded that the maximum statutory sentence was necessary to reflect the nature and seriousness of Jones's offense and was necessary to protect the public from further crimes.

It is unclear whether the district court imposed a "Guidelines" sentence within the meaning of the Court's recent decisions in *United States v. Duhon* [FN49] and *United States v. Smith,* [FN50] which would include a departure from a sentencing range calculated under the Guidelines based on the factors set forth in section 5K2.0 of the Guidelines, [FN51] or a "non-Guidelines" sentence within the meaning of those decisions, which would be a departure that is not based on the factors set forth for departures within the Guidelines themselves. [FN52] In the case before us today, the district court stated that "as I understand the status of the law at this time, I'm bound by the statute and not the guidelines," indicating that it might not have based the sentence on the factors for departure contained in the Guidelines. But the district court also stated that it intended "to depart from the ... guidelines" due to "aggravating circumstances ... not adequately taken into consideration by the sentencing commission," a sentencing factor found in section 5K2.0 of the Guidelines [FN53] as well as in a statute applicable to child crimes and sexual offenses, 18 U.S.C. § 3553(b)(2)(A)(I). [FN54] We need not determine whether the sentence Jones received was a Guidelines or non-Guidelines sentence because in either case, under the totality of the relevant statutory factors, [FN55] the sentence was not unreasonable. The sentence adequately takes into account the factors set forth in 18 U.S.C. § 3553(b)(A), and all the factors listed in § 3553(a), [FN56] which we are to consider under 18 U.S.C. § 3742(e) and *Booker* in determining if a sentence is unreasonable. [FN57]

[8] Although our review to determine whether the district court could have imposed the sentence that it did is an objective one, we note that the district court did in fact express permissible factors, in addition to the impermissible factors of prior arrests, in imposing the maximum statutory sentence. [FN58] Even post-*Booker,* a sentencing court must "enumerate particular reasons for a departure from the sentencing range." [FN59] The district court could have more particularly enumerated its reasons, and we again urge district courts to do so when departing from a Guidelines range. And, assuming that the district court imposed a non-Guidelines sentence, we emphasized in *Mares* that district courts should "carefully articulate" the reasons for imposing a non-Guidelines sentence. [FN60]

*7 Jones contends that the extent of the departure was unreasonable. Even when the Guidelines were mandatory, the Supreme Court recognized that "[t]he development of the guidelines sentencing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

regime has not changed our view that except to the extent specifically directed by statute, 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.' " [FN61] This circuit has sustained upward departures from the Guidelines that were proportionately greater than the departure at issue here and departures of the magnitude at issue here. [FN62] The same factors that lead us to conclude that a departure was not unreasonable also lead us to conclude that the extent of the departure was not unreasonable.

Jones has not challenged the district court's failure to set forth in writing in the judgment and order of commitment its reasons for the upward departure as required by § 3553(c)(2). [FN63] This requirement remains binding post-*Booker*. [FN64] We note that had Jones raised this issue, § 3742(f)(2) provides that if "the district court failed to provide the required statement of reasons in the order of judgment and commitment" and the court of appeals "determines that the sentence is too high," the court of appeals "shall set aside the sentence and remand." [FN65] But as discussed above, the sentence is not "too high."

V

Finally, Jones contends that his sentence should be reversed because the district court did not give him notice prior to the sentencing hearing that it was considering an upward departure and that he had no notice of the grounds for that departure. Our review is for plain error since this issue was raised for the first time on appeal.

Rule 32(h) provides:
Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's rehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure. [FN66]
We will assume, without deciding, that the district court did not comply with this rule.

*8 [9][10] One of the purposes of Rule 32(h) is to " 'promot[e] focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences.' " [FN67] Jones contends that had he received prior notice, he would have pointed out to the district court that reliance on prior arrests was prohibited. He offers no other basis to support his contention that he was prejudiced by the lack of notice. For the reasons already considered, we cannot say that it was reasonably probable that the district court would have chosen a lesser sentence had it not relied on the prior arrests. [FN68] At best, the record indicates that it is equally plausible that the district court would have imposed the same sentence as it is plausible that the court would not have. [FN69]

* * *

For the foregoing reasons, we AFFIRM Jones's sentence.

FN1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

FN2. 18 U.S.C. § 2252A(b)(2).

FN3. 543 U.S. at 245, 125 S.Ct. 738.

FN4. *See* U.S.S.G. § 2G2.4(b)(1) (2003) (two-level increase in base offense level for possession of material involving a minor under the age of twelve); § 2G2.4(b)(2) (two-level increase in base offense level for possession of ten or more items that contain a visual depiction involving the sexual exploitation of a minor); § 2G2.4(b)(3) (two-level increase in base offense level if possession of material resulted from the defendant's use of a computer); § 2G2.4(b)(5)(D) (five-level increase in base offense level if the offense involved 600 or more images).

FN5. *See* U.S.S.G. Ch. 5, pt. A. (Sentencing Table) (2003).

FN6. The district court stated:
Having looked at the defendant's criminal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691                                                                                                          Page 10

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

history, it is true, as his counsel stated, that he presently has two state charges against him, separate charges, for sexual battery of children. One of them is six years of age, and I think the other is five years of age. Those are two separate events. You also were charged with rape of a child in 1993 and that was dismissed. It turns out it was your four-year-old niece. Those charges were dismissed against you. I am considering those factors in your sentence.

FN7. U.S.S.G. § 4A1.3(a)(3) (2003).

FN8. *Id.* § 4A1.3(a)(2)(E).

FN9. *See id.* § 4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.").

FN10. *See United States v. Cantu-Dominguez,* 898 F.2d 968, 971 (5th Cir.1990) (holding that "arrests that did not result in convictions ... [are] not the type of 'reliable information' that justifies a departure from the applicable sentencing range"); *United States v. Labarbera,* 581 F.2d 107, 109 (5th Cir.1978) (observing that "an arrest, without more, is quite consistent with innocence").

FN11. 503 U.S. 193, 197, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

FN12. *Id.* at 198, 112 S.Ct. 1112.

FN13. *Id.* at 202, 112 S.Ct. 1112.

FN14. *Id.*

FN15. *Id.*

FN16. *Id.*

FN17. *Id.* at 200, 112 S.Ct. 1112.

FN18. *Id.* at 202-03, 112 S.Ct. 1112 (emphasis in original).

FN19. *Id.* at 203, 112 S.Ct. 1112 (quoting 18 U.S.C. § 3742(f)(1)).

FN20. *Id.*

FN21. *Id.; see also Koon v. United States,* 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("When a reviewing court concludes that a district court based a departure on both valid and invalid factors, a remand is required unless it determines the district court would have imposed the same sentence absent reliance on the invalid factors."). The dissent in *Williams* advocated that "[w]hen some but not all of the district court's reasons for departure are invalid," the test should be "whether the district court *could* have based its departure on the remaining factors, ... and not on whether it *would* still have chosen so to act," a position the Court's opinion expressly rejected. 503 U.S. at 216, 112 S.Ct. 1112 (White, J., dissenting).

FN22. *Williams,* 503 U.S. at 216 n. 13, 112 S.Ct. 1112.

FN23. *Id.*

FN24. *Id.* at 203, 112 S.Ct. 1112.

FN25. 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

FN26. *Id.* at 732, 734, 113 S.Ct. 1770; *see also United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005).

FN27. *Olano,* 507 U.S. at 735, 736, 113 S.Ct. 1770 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)); *see also Mares,* 402 F.3d at 520.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN28. *See Olano,* 507 U.S. at 734-35, 113 S.Ct. 1770.

FN29. *Id.* at 735, 113 S.Ct. 1770.

FN30. *Id.* at 734, 113 S.Ct. 1770.

FN31. 128 F.3d 865, 869 (5th Cir.1997) (quoting *United States v. Brunson,* 915 F.2d 942, 944 (5th Cir.1990)).

FN32. *Koon v. United States,* 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

FN33. *But see Williams,* 503 U.S. at 204, 112 S.Ct. 1112 (rejecting a could-have-departed test when error was preserved: "the dissent's position requires the appellate court to consider whether the district court *could* have based its departure on the remaining factors ... and not whether it *would* still have chosen so to act").

FN34. 404 F.3d 355, 364 (5th Cir.2005).

FN35. *Id.* ("[T]he question in the third step of the plain-error test is not the same as it was in *Mares,* ... it is not whether the defendant can show a reasonable probability that the district court would have imposed a different sentence had the Guidelines been advisory instead of mandatory. Instead, the proper question here is whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence.").

FN36. 503 U.S. at 204-05, 112 S.Ct. 1112 (citations omitted).

FN37. U.S.S.G. § 2G2.2(b)(7) (2005).

FN38. *See Williams,* 503 U.S. at 202, 112 S.Ct. 1112 ("If the court concludes that the departure is not the result of an error in interpreting the Guidelines, it should proceed to the second step: is the resulting sentence an unreasonably high or low departure from the relevant guideline range?").

FN39. 18 U.S.C. § 3742(f)(2)(A).

FN40. *Booker,* 543 U.S. at 268, 125 S.Ct. 738.

FN41. *Id.* at 262, 125 S.Ct. 738.

FN42. *Id.* at 243-62, 125 S.Ct. 738.

FN43. The factors set forth in 18 U.S.C. § 3553(a) include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
(5) any pertinent [sentencing guidelines] policy statement ... [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(7) the need to provide restitution to any victims of the offense.

FN44. *Booker*, 543 U.S. at 264, 125 S.Ct. 738; *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir.2005).

FN45. The policy statement in U.S.S.G. § 5K2.0(a)(1)(B) provides in pertinent part:
IN GENERAL.--The sentencing court may depart from the applicable guidelines range if--...
(B) in the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i), that there exists an aggravating circumstance,
of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

FN46. U.S.S.G. § 2G2.2 cmt. n.4 (B)(ii) (2005) ("Each video, video-clip, movie, or similar recording shall be considered to have 75 images. If the length of the recording is substantially more than 5 minutes, an upward departure may be warranted.").

FN47. *Id.* § 2G2.2(b)(7).

FN48. *Id.* § 5K2.0(a)(1)(B).

FN49. 440 F.3d at ---- (5th Cir. 2006).

FN50. 440 F.3d at ---- (5th Cir.2006).

FN51. U.S.S.G. § 5K2.0.

FN52. *See Duhon*, 440 F.3d at ---- (concluding that when a district court announced that it was using "the discretion granted by *Booker* to 'deviate from the United States Sentencing Commission Guidelines and impose a sentence that ... is appropriate based on the facts,' " the district court had imposed a non-Guidelines sentence); *Smith*, 440 F.3d at ---- (concluding that post-*Booker* this Court has recognized "three different types of sentences under the advisory Guidelines regime," the first being "a sentence within a properly calculated Guidelines range," the second "an upward or downward departure as allowed by the Guidelines," and the third, "a sentence either higher or lower than the relevant Guideline sentence").

FN53. *See supra* note 45.

FN54. The United States Supreme Court specifically severed and excised § 3553(b)(1) in *Booker*, 543 U.S. at 259, 125 S.Ct. 738. Although it did not sever or excise section (b)(2), in keeping with the substantive holding of *Booker*, we assume that the mandatory aspects of § 3553(b)(2) are now advisory only. Section 3553(b)(2)(A)(i) provides:
(A) In sentencing a defendant convicted of an offense under ... chapter ... 110 ..., the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless--
(i) the court finds that there exists an aggravating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described.

FN55. *See generally Duhon*, 440 F.3d at ---- ("Under section 3553(a), however, a sentence must be supported by the *totality* of the relevant statutory factors.").

FN56. *See supra* note 43.

FN57. *Booker*, 543 U.S. at 259-60, 125 S.Ct. 738 ("We infer appropriate review standards from related statutory language,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 766691

Page 13

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

(Cite as: 2006 WL 766691 (5th Cir.(Miss.)))

the structure of the statute, and the 'sound administration of justice.' And in this instance, those factors, in addition to the two past decades of appellate practice in cases involving departures, imply a practical standard of review for 'unreasonable[ness].' 18 U.S.C. § 3742(e)(3) (1994 ed.).") (citations omitted, alteration in original).

FN58. The trial court stated:
The statutory provisions in this case provide for not more than 10 years incarceration, and as I understand the status of law at this time, I'm bound by the statute and not the guidelines. I find in this case that I'm going to depart from the sentence called for by the application of the guidelines inasmuch as the facts found are not--are of the kind not sufficiently contemplated by the sentencing commission....
I have considered and given great weight to the sentencing guidelines.... I have further considered the factors enumerated in 18 U.S.C. 3553. I have also looked at 3553(b)(2) which deals with child crimes and sexual offenses, and it provides that when the Court finds that there exists aggravating circumstances of a kind or to a degree not adequately taken into consideration by the sentencing commission, then I can give a sentence that is greater than that described in the sentencing guidelines, and I think under the recent U.S. Supreme court [sic] cases, unless I give a sentence that's plainly unreasonable outside the statute, that I have not exceeded my authority.
Having looked at the defendant's criminal history, it is true, as his counsel stated, that he presently has two state charges against him, separate charges, for sexual battery of children. One of them is six years of age, and I think the other is five years of age. Those are two separate events. You also were charged with rape of a child in 1993 and that was dismissed. It turns out it was your four-year-old niece. Those charges were dismissed against you. I am considering those factors in your sentence. I believe that in this particular case, under 3553, that this is a very serious offense ..., [and] this defendant needs to have respect for human life and the dignity of others. This is a very serious offense. I don't know in this defendant's case whether any sentence will deter him from any future criminal conduct, but I do know that to the extent I have any authority I'm going to protect the public from further crimes by this defendant, and that is one of the options I have and one of the responsibilities I have.
So in order to protect the public from further crimes ... Robert Jones is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 10 years....

FN59. *United States v. Saldana*, 427 F.3d 298, 310 (5th Cir.2005).

FN60. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005).

FN61. *Williams v. United States*, 503 U.S. 193, 205, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (quoting *Solem v. Helm*, 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).

FN62. *United States v. Smith*, 417 F.3d 483, 492 (5th Cir.2005) (upholding departure to 120 months from a guideline maximum of 41 months, "an increase of nearly 300%"); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir.1995) (upholding departure to 240 months from range of 57 to 71 months (338%)); *United States v. Rosogie*, 21 F.3d 632, 633 (5th Cir.1994) (upholding departure to 150 months from range of 30 to 37 months (405%)).

FN63. *See* 18 U.S.C. § 3553(c)(2) ("The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is outside the range [ ] described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment....").

FN64. *See Saldana,* 427 F.3d at 310 n. 48.

FN65. 18 U.S.C. § 3742(f)(2).

FN66. Fed.R.Crim.P. 32(h).

FN67. *United States v. Milton,* 147 F.3d 414, 421 (5th Cir.1998) (quoting *Burns v. United States,* 501 U.S. 129, 137, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991)).

FN68. *See United States v. Villegas,* 404 F.3d 355, 364 (5th Cir.2005) (holding that when the district court misinterpreted and misapplied the Guidelines by finding an enhancement was appropriate for possession of a firearm, "the proper question ... is whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence").

FN69. *See United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005) ("[T]his burden of proof ... requires 'the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.' ") (quoting *United States v. Rodriguez,* 398 F.3d 1291, 1299 (11th Cir.2005)).

--- F.3d ----, 2006 WL 766691 (5th Cir.(Miss.))

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.